IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Carlos D. Robinson, ) | C.A. No. 9:23-3347-HMH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Warden Janson, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Molly H. Cherry made in accordance with 28 U.S.C. § 636(b)(1) and District of South Carolina Local Civil Rule 73.02. Petitioner Carlos D. Robinson, a federal prisoner proceeding pro se, filed this action seeking habeas corpus relief under 28 U.S.C. § 2241. For the reasons below, the court dismisses the petition for lack of jurisdiction.

**I. BACKGROUND**[1]

In May 2004, a jury found Petitioner guilty of conspiracy to possess and possession with intent to distribute crack cocaine and cocaine, in violation of 21 U.S.C. § 841(b)(1)(A); two counts of possession with intent to distribute 50 grams or more of crack cocaine and a quantity of cocaine, in violation of 21 U.S.C. § 841(b)(1)(A); two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g); and two counts of using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). On December 13, 2004, Petitioner was sentenced to 960 months' imprisonment. Petitioner appealed the conviction and sentence on December 28, 2004. On March 22, 2007, the Fourth Circuit

---

[1] ECF citations in this section refer to docket entries in Petitioner's criminal case, No. 6:03-cr-00616-HMH-1.

1

remanded the case in light of United States v. Booker, 543 U.S. 220 (2005), for resentencing under the advisory guidelines regime. United States v. Robinson, No. 05-4028, 2007 WL 869159, at *7 (4th Cir. Mar. 22, 2007) (unpublished).

On June 18, 2007, at resentencing, based on the advisory sentencing guidelines, the court again imposed a 960-month sentence. On June 22, 2007, Petitioner appealed his conviction and sentence, which the Fourth Circuit affirmed on February 14, 2008. United States v. Robinson, No. 07-4638, 2008 WL 398245, at *2 (4th Cir. Feb. 14, 2008) (unpublished). Petitioner subsequently filed a motion to vacate, set aside, or correct his sentence under § 2255. The court summarily dismissed Petitioner's motion on October 27, 2008. United States v. Robinson, Cr. No. 6:03-616-HMH, 2008 WL 4833015, at *5 (D.S.C. Oct. 27, 2008) (unpublished). Petitioner appealed, and the Fourth Circuit dismissed his appeal. United States v. Robinson, No. 08-8465, 2009 WL 3651641, at *1 (4th Cir. Nov. 5, 2009) (unpublished).

On August 5, 2010, Petitioner filed a motion for relief from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure. Finding his claims without merit, the court denied his motion. United States v. Robinson, Cr. No. 6:03-616-HMH, 2010 WL 11570521, at *1 (D.S.C. Aug. 11, 2010) (unpublished). Petitioner appealed, and the Fourth Circuit dismissed the appeal. United States v. Robinson, No. 10-7197, 2011 WL 880761, at *1 n.* (4th Cir. Mar. 15, 2011) (unpublished). On July 27, 2011,[2] Petitioner filed a motion to alter or amend the record, which was construed as a § 2255 motion because it attacked his § 924(c) conviction and sentence. That motion was dismissed as successive on August 8, 2011. United States v. Robinson, Cr. No. 6:03-616-HMH, 2011 WL 13238748, at *1 (D.S.C. Aug. 8, 2011) (unpublished). Petitioner filed

---

[2] Houston v. Lack, 487 U.S. 266 (1988).

2

another § 2255 motion on November 12, 2014,[3] which was dismissed as successive on December 1, 2014. United States v. Robinson, Cr. No. 6:03-616-HMH, 2014 WL 12634793, at *1 (D.S.C. Dec. 1, 2014) (unpublished).

On July 13, 2016, the Fourth Circuit granted Petitioner's request to file a second or successive § 2255 motion in light of Johnson v. United States, 576 U.S. 591 (2015), which held that the definition of "violent felony" found in the Armed Career Criminal Act's residual clause is unconstitutionally vague. The court dismissed the § 2255 motion on July 18, 2016. United States v. Robinson, Cr. No. 6:03-616-HMH, 2016 WL 7496167, at *3 (D.S.C. July 18, 2016) (unpublished). Petitioner appealed, and the Fourth Circuit dismissed the appeal on January 12, 2017. United States v. Robinson, 672 F. App'x 330, 330 (4th Cir. Jan. 12, 2017) (unpublished).

On June 10, 2020, the court reduced the Petitioner's sentence from 960 months' imprisonment to 601 months' imprisonment pursuant to § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222. United States v. Robinson, Cr. No. 6:03-616-HMH, 2020 WL 3071939, at *3 (D.S.C. June 10, 2020) (unpublished). An amended judgment was entered on June 10, 2020. (Am. J., ECF No. 444.)

Petitioner filed a § 2241 habeas petition in June 2020, in which he argued that his felon-in-possession conviction under § 922(g)(1) should be vacated in light of Rehaif v. United States, 139 S. Ct. 2191 (2019), because the jury instructions were allegedly defective. This petition was dismissed for lack of jurisdiction. Robinson v. Phelps, No. 9:20-cv-02356-HMH-MHC, 2021 WL 3375524 (D.S.C. July 12, 2021) (unpublished), report and recommendation adopted by 2021 WL 3375520 (D.S.C. Aug. 3, 2021) (unpublished).

---

[3] Houston v. Lack, 487 U.S. 266 (1988).

3

On August 19, 2020, Petitioner filed a motion for compassionate release, which was denied on September 18, 2020. (Sept. 18, 2020, Order, ECF No. 450.) Petitioner appealed the denial of his motion for compassionate release, and the Fourth Circuit affirmed the court's decision on October 26, 2021. United States v. Robinson, No. 20-7451, 2021 WL 4957598, at *1 (4th Cir. Oct. 26, 2021) (unpublished).

Petitioner filed a renewed motion for compassionate release on September 2, 2022. In addition, Petitioner filed a § 2255 motion on August 31, 2022, and a motion to hold his § 2255 motion in abeyance pending the determination of his motion for compassionate release. (§ 2255 Mot., ECF Nos. 463, 464.) These motions were denied and dismissed on October 4, 2022. (Oct. 4, 2022, Orders, ECF Nos. 467, 469.) On October 17, 2022, Petitioner appealed, and the case was placed in abeyance pending a decision by the Fourth Circuit in United States v. Newby, Case No. 21-4018.

## II. Discussion

Petitioner filed the instant § 2241 petition on July 13, 2023. He seeks declaratory judgments that "18 U.S.C. § 924(c) as written, prior to the First Step Act of 2018, is unconstitutionally vague" and that enforcement of "the amended section 924(c) statute retroactively violates the Ex Post Facto Clause." (§ 2241 Petition 10, 21, ECF No. 1.) In her Report and Recommendation filed on October 10, 2023, Magistrate Judge Cherry recommends dismissing the petition without prejudice and without requiring Respondent to file a return for lack of jurisdiction because Petitioner cannot proceed under § 2241 as he fails to satisfy the saving clause in 28 U.S.C. § 2255(e). (R&R 8, 10, ECF No. 5.) Petitioner filed timely objections to the Report and Recommendation. (Obj., generally, ECF No. 12.)

A report and recommendation carries no "presumptive weight," and the responsibility for making a final determination remains with the court. Mathews v. Weber, 423 U.S. 261, 271 (1976). The court reviews de novo "those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" or "recommit the matter . . . with instructions." 28 U.S.C. § 636(b)(1). "To trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)). In the absence of specific objections, the court reviews only for clear error, Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005), and need not give any explanation for adopting the report, Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

Some of Petitioner's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean the following objections. First, Petitioner contends that the Antiterrorism and Effective Death Penalty Act's ("AEDPA") limitations on second or successive habeas petitions and 2255(e)'s saving clause are unconstitutional. (Objs. 2-3, ECF No. 12.) Second, he argues that he should be allowed to proceed with his claims under the Declaratory Judgment Act, 28 U.S.C. § 2201. (Id. at 3-5, ECF No. 12.)

Petitioner's first objection is without merit. The Supreme Court has rejected a variety of constitutional challenges to AEDPA's limitations on successive habeas petitions. See Felker v. Turpin, 518 U.S. 651, 664 (1996) (holding that AEDPA's restrictions on successive habeas petitions do not amount to an unconstitutional suspension of the writ of habeas corpus); Jones v.

5

Hendrix, 599 U.S. 465, 482-88 (2023) (finding that AEDPA's limitations on successive collateral attacks do not "raise[] serious constitutional questions"). Moreover, Petitioner does not address the magistrate judge's determination that the court lacks jurisdiction to consider his § 2241 petition.

Generally, a federal prisoner seeking to attack the validity of his conviction or sentence must do so through a § 2255 motion. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010). Section 2255's saving clause, however, allows a federal prisoner to proceed under § 2241 if he establishes that the remedy afforded by § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The Supreme Court recently clarified in Jones v. Hendrix that such recourse is available only "where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." 599 U.S. at 478. Jones also held that the saving clause "does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition."[4] Id. at 471. "The inability of a prisoner with a statutory claim to satisfy those conditions," the Court explained, "does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." Id. at 480. In light of Jones, Petitioner cannot proceed with his claims under § 2241 by way of the saving clause in § 2255. Based on the foregoing, Petitioner's first objection fails.

---

[4] A prisoner cannot bring a second or successive § 2255 motion unless the appropriate court of appeals first certifies that the motion contains either (1) "newly discovered evidence" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Turning to his second objection, Petitioner contends that he should be allowed to proceed under the Declaratory Judgment Act, 28 U.S.C. § 2201. This argument is also without merit. Petitioner is plainly attempting to attack the constitutionality of 18 U.S.C. § 924(c), one of his statutes of conviction. However, "§ 2255 is the exclusive method of collaterally attacking a federal conviction or sentence," and a petitioner cannot use "another mechanism, such as [the Declaratory Judgment Act], to sidestep § 2255's requirements." United States v. Ferguson, 55 F.4th 262, 270 (4th Cir. 2022); Pruitt v. Campbell, 429 F.2d 642, 645 (4th Cir. 1970) ("[A] district court has no jurisdiction to entertain a declaratory judgment action as a substitute for post conviction remedies under 28 U.S.C. § 2255 . . . ."); Calderon v. Ashmus, 523 U.S. 740, 746 (1998) (stating that "[a]ny claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code" and holding that a prisoner cannot bring a declaratory judgment action for the purpose of determining "a collateral legal issue governing certain aspects of [his] pending or future [habeas] suits"); Wilson v. North Carolina, No. 5:23-CT-3199-M, 2023 WL 4569537, at *2 (E.D.N.C. July 14, 2023) (unpublished) ("To the extent [the petitioner] attacks the validity of his conviction, he cannot circumvent the provisions of AEDPA through the Declaratory Judgment Act.") (collecting cases); Morris v. Cardillo, No. 0:10-443-JFA-PJG, 2010 WL 2722992, at *1 (D.S.C. July 9, 2010) (unpublished) ("The plaintiff cannot bring a declaratory judgment action to circumvent the habeas statutory requirements . . . ."). Accordingly, this objection is without merit.[5]

---

[5] To the extent that Petitioner seeks a declaration that § 924(c) is unconstitutional as applied to some future, hypothetical defendant, the court lacks the authority to do so. "[F]ederal courts [have] no jurisdiction to pronounce any statute, either of a State or of the United States, void, because irreconcilable with the Constitution, except as [they are] called upon to adjudge the legal rights of litigants in actual controversies." United States v. Raines, 362 U.S. 17, 21 (1960) (internal quotation marks omitted).

### III. CONCLUSION

For the reasons discussed above, the court lacks jurisdiction to consider the petition and adopts the Magistrate Judge Cherry's Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that the petition is dismissed without prejudice and without requiring Respondent to file a return. It is further

**ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[6]

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
November 30, 2023

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[6] District courts must issue certificates of appealability when entering "a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Cases. These rules may be applied to other types of habeas corpus petitions. Rule 1(b), Rules Governing § 2254 Cases.